# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SANDRA JOHNSTON, | ) | 1:08cv1709 AWI DLB |
| | ) | |
| Plaintiff, | ) ) ) | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| MONO COUNTY SERVICES, et al., | ) ) | |
| | ) ) | |
| Defendants. | ) ) | |

Plaintiff, appearing pro se, filed the instant civil rights action on November 10, 2008 purportedly on behalf of herself and her children. Plaintiff has requested leave to proceed in forma pauperis. She names Mono County Services, an unnamed Superior Court Judge, an unnamed District Attorney, Buck Blacketer and Lynn Blount as Defendants.

## DISCUSSION

A.  Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state

a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Plaintiff's Allegations

Plaintiff's complaint fails to comply with Rule 8(a)(2). Plaintiff's complaint does not set forth this Court's basis for jurisdiction pursuant to Rule 8 and does not provide fair notice of claims against Defendants or demonstrate that Plaintiff is entitled to relief. Although Plaintiff's complaint is confusing, disjointed and rambling, and does not provide the Court with sufficient information to determine what the claims are or the validity of the claims. Plaintiff's allegations are confusing and appear to relate to a family court matter. She names Mono County Services as

well as an unnamed judge and district attorney as well as what appear to be private individuals. However, plaintiff makes no specific claims against the defenants nor does she describe any conduct on the part of the specific defendants.

C. <u>Discussion</u>

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" <u>Hydrick v. Hunter</u>, 500 F. 3d 978 (9th Cir. 2007) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" <u>Id.</u> (quoting <u>Johnson</u> at 743-44).

1.   *Mono County Services*

Insofar as Plaintiff names Mono County Services as a Defendant, the County may not be held liable for the acts of its employees under a respondeat superior theory of liability. . Plaintiff must demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local governmental unit. *See Bd. Of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Plaintiff fails to identify any alleged conceptional deprivation at all. Plaintiff also fails to identify a policy or custom. Accordingly, Plaintiff fails to state a claim against Mono County Services.

///

2.   *Superior Court Judge*

Superior Court judges are entitled to absolute judicial immunity. Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts. Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988); Imbler v. Pachtman, 424 U.S. 409, 418 (1976). Plaintiff does not specifically identify the judge or the conduct she alleges violated her rights. However, "[a]s long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies." Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986).

3.   *Buck Blacketer and Lynn Blount*

Plaintiff fails to identify these individuals and she fails to link them to any specific conduct. They appear to be private individuals and thus are not acting under color of law and are not proper defendants in an action under section 1983.

Moreover, to the extent Plaintiff's claims are intertwined with California state family court proceedings, it is well established that a federal court lacks subject matter jurisdiction to review final determinations of state courts, as well as claims "inextricably intertwined" with final state court decisions, even if such "inextricably intertwined" claims were not actually raised in the state court. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483-87, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Olson Farms, Inc. v. Barbosa, 134 F.3d 933, 937 (9th Cir.1998) (holding the "Rooker-Feldman" doctrine is jurisdictional). A federal district court is a court of original jurisdiction, and as such has no authority to review the final determinations of a state court in judicial proceedings. Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir.1986).

Dismissal of a pro se complaint for failure to state a claim is proper where it is obvious that the plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. See Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc). Based on the facts alleged, Plaintiff cannot prevail on a Section 1983 or other claim for which this court would have jurisdiction and it appears granting leave to amend the complaint would be futile.

1  Accordingly, the Court recommends that the complaint be dismissed without leave to amend for
2  failure to state a claim.

### RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 15, 2008**              /s/ **Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE